**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

In re:

PHILLIP S. POWERS (Owner of
MyHome Services, Inc.) and
ANA A. POWERS,

                                Debtors.

CASE NO. 05-21090

DECISION & ORDER

_____

## BACKGROUND

On March 15, 2005, Phillip and Ana Powers (the "Debtors") filed a petition initiating a Chapter 13 case. On March 15, prior to the filing of the petition, the National Bank of Geneva, which holds a valid security interest and lien on the Debtors' 1999 Plymouth Voyager (the "Voyager"), repossessed the Voyager through the services of its agent, Auto Tech Repossessions, Inc. ("Auto Tech"), even though Auto Tech was advised by the Debtors at the time of the repossession that they intended to file a bankruptcy petition later that day.

On April 1, 2005, the Debtors filed a Contempt Motion (the "Contempt Motion") pursuant to Section 362(h)[1]. The Contempt

---

[1] Section 362(h) provides that:

    (h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362 (2005).

**BK. 05-21090**

Motion asserted that: (1) by a letter mailed and faxed on March 16, 2005, the attorney for the Debtors made a demand on the National Bank of Geneva which stated that, if within twenty-four hours it did not advise the Debtors of the location of the Voyager and release it to them, they would seek relief from the Bankruptcy Court[2]; (2) on March 16, 2005, the attorney for the Debtors was advised by the National Bank of Geneva that it had no power to release the Voyager, which was in the possession of Auto Tech, until the repossession fee earned and expenses incurred by Auto Tech were paid; (3) on March 21, 2005, the attorney for the Debtors mailed and faxed a further letter to Auto Tech which demanded that Auto Tech release the Voyager to the Debtors[3]; (4) on March 21, 2005, Auto Tech advised the attorney for the Debtors that it would not release the Voyager until it was paid its repossession fee, expenses and sales taxes; (5) by letter dated March 23, 2005, the attorney for the National Bank of Geneva advised the attorney for the Debtors that the amount owed to Auto Tech was a $325.00 repossession fee and a storage fee of $20.00 per day; (6) on

---

[2] The March 16, 2005 letter, a copy of which was attached to the Contempt Motion, did not offer to pay the National Bank of Geneva the expenses of its lawful prepetition repossession, or otherwise provide for the payment of those expenses on terms acceptable to the National Bank of Geneva and Auto Tech.

[3] The March 21, 2005 letter, a copy of which was also attached to the Contempt Motion, did not offer to pay Auto Tech its repossession fee and expenses, or otherwise provide for their payment on terms acceptable to Auto Tech.

**Page 2**

**BK. 05-21090**

March 29, 2005, the attorney for the Debtors was advised by Auto Tech that it was asserting a possessory lien on the Voyager; and (7) the Voyager was property of the estate and the Debtors required its return for use in connection with their daycare service.

On April 21, 2005, Auto Tech interposed a Response (the "Response") to the Contempt Motion, which asserted that: (1) the Voyager was lawfully repossessed prior to the filing of the Debtors' petition; (2) Auto Tech had a possessory garagemen's lien on the Voyager; (3) Auto Tech was entitled to retain possession of the Voyager until its repossession fee and the related charges it incurred were paid, and the Court should award it the attorney's fees that it incurred in connection with the Contempt Motion; and (4) if within ten days the Voyager was not redeemed or a proper turnover adversary proceeding filed in the Bankruptcy Court, Auto Tech intended to proceed by Notice of Lien and Sale to dispose of the Voyager pursuant to Sections 184 and 2001 of the New York State Lien Law.

The initial April 27, 2005 hearing on the Contempt Motion was adjourned to May 4, 2005, at which time the Court orally denied the Contempt Motion for the reasons set forth on the record, and indicated that it would issue this Decision & Order to set forth its decision in more detail so that future Chapter 13 debtors and their attorneys would be aware of what they must do in order to

**Page 3**

**BK. 05-21090**

obtain possession of a vehicle validly repossessed prior to the filing of their petition.

## DISCUSSION

If a vehicle has been legally repossessed by a secured creditor prior to the filing of a Chapter 13 case by the owner of the vehicle, as was the case with the Voyager:

1. The secured creditor, or its agent, that has repossessed the vehicle, has an unavoidable possessory garagemen's lien on the vehicle for a reasonable repossession fee and related expenses, including reasonable storage charges (the "Repossession Costs");[4]

2. In order to obtain a release of the vehicle, the debtor must pay those reasonable Repossession Costs in full, or otherwise provide for the payment of those Costs on terms acceptable to the secured creditor or repossessing agent, which can include the payment of those Costs as a secured claim in the debtor's plan, independent of the allowed secured replacement value claim of the creditor, if that arrangement is acceptable to the secured creditor or the repossessing agent;

3. In addition to paying or providing for the Repossession Costs, the debtor must demonstrate to the secured creditor and the

---

[4] N.Y.S. Lien Law § 184 (McKinney 2005).

**BK. 05-21090**

Chapter 13 Trustee that the debtor's Chapter 13 filing was in good faith, including that: (a) the debtor appears to be able to fund a plan that will meet the requirements of Section 1325 and be confirmable by the Court; and (b) the sole purpose of the Chapter 13 was not merely to obtain possession of the repossessed vehicle to be followed by a voluntary dismissal once possession has been obtained;

4. To the extent that the debtor is unable to pay the Repossession Costs immediately, and the debtor, the debtor's attorney, if there is one, the Chapter 13 Trustee, the secured creditor and the repossessing agent, if any, are unable to agree on: (a) acceptable terms for the payment of those amounts through the plan or otherwise; (b) whether the debtor's filing was in good faith; or (c) whether the repossession fees and expenses are reasonable, the parties should immediately contact the Court to set up an emergency telephonic conference so that the Court can assist the parties in determining any of these issues; and

5. It is the Court's expectation that all parties and their attorneys, if any, will work together to resolve these issues expeditiously and in good faith or immediately bring them to the Court.

**Page 5**

BK. 05-21090

## CONCLUSION

The Debtors' Motion for Contempt is in all respects denied.

**IT IS SO ORDERED.**

_____/s/_____
**HON. JOHN C. NINFO, II
CHIEF U.S. BANKRUPTCY JUDGE**

**Dated: May 12, 2005**

Page 6